UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OMADRE NU RA | ) | JUDGE PAUL R. MATIA |
| | ) | |
| Plaintiff | ) | CASE NO. 1:04CV2108 |
| | ) | |
| -vs- | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| PTLM N. ROSSI G.P.D. # 32 | ) | <u>AND ORDER</u> |
| *et al.* | ) | |
| | ) | |
| Defendants | ) | |

Plaintiff, Omadre Nu Ra, brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the City of Garfield Heights, Ohio and two police officers in their official and individual capacities. He has filed a motion and amended motion to compel separate corporate counsel representation under Fed. R. Civ. P. 37. (Docs. 33, 34). Plaintiff contends that a serious conflict exists and it is not in the best interest of the defendant officers to have the same corporate counsel.

There is a distinction between suits against an official in his individual and official capacities that could amount to differing and conflicting defenses. *Johnson v. Bd. of County Commissioners for County of Fremont,* 85 F.3d 489, 493 (10th Cir. 1996), *cert. denied*, 519 U.S. 1042 (1996). For

example, a city may argue that the official acted outside the scope of his employment or the official may concede that he violated the plaintiff's constitutional rights, but is entitled to qualified immunity. *Frazier v. Harris*, 2003 WL 21196462 at * 1 (C.D. Ill. Mar. 5, 2003). In that instance the official would not be liable but the fact that the constitutional violation occurred would result in the liability of the city. Courts considering this issue have determined that, while there may be a potential for conflict, it is permissible but not required for the official to have separate counsel for his two capacities. Johnson, 85 F.3d at 493; *Arthur v. City of Galena,* 2004 WL 2331920 at * 2 (D. Kan. June 2, 2004).

Plaintiff must show that an actual conflict exists and he has not met this burden. Frazier, 2003 WL 21196462 at * 1. However, there is a potential for conflict.

Therefore, plaintiff's motion and amended motion to compel separate corporate counsel representation is denied. (Docs. 33, 34). It is ordered that the individual defendants submit affidavits attesting that they understand that their attorney believes representation of the municipality and the individual defendants will not adversely affect the interests of any defendants represented and that the individual defendants understand the nature of any potential conflict.

Further, that understanding such potential conflict, the individual defendants still desire to retain present counsel. See *Arthur*, 2004 WL 2331920 at *3.

IT IS SO ORDERED.

Date: May 11, 2005.
/s/ Paul R. Matia
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

A copy of this Memorandum of Opinion and Order was filed electronically this 11th day of May, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of the foregoing Memorandum of Opinion and Order was also sent by United States mail on May 11, 2005 to Omadre Nu Ra, P.O. Box 605103, Cleveland, Ohio 44105.

/s/ Paul R. Matia
UNITED STATES DISTRICT JUDGE